UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN JUSTICE,

      Plaintiff,

v.                                                        Civil Case No. 22-11526
                                                      Honorable Linda. V. Parker

JONATHAN B.D. SIMON,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On June 30, 2022, this Court received a pro se complaint from Plaintiff and an application to proceed in forma pauperis.  Plaintiff is a Michigan Department of Corrections prisoner currently serving sentences for second degree murder and felony firearm convictions out of the Circuit Court for Wayne County, Michigan.  *See* https://mdocweb.state.mi.us/otis2.  Here, Plaintiff is suing Jonathan B.D. Simon (hereafter "Defendant"), the attorney who represented Plaintiff in State court in connection with his direct appeal and filing of a post-conviction motion related to his convictions.  In the Complaint, Plaintiff appears to be alleging that Defendant provided ineffective assistance in violation of the Sixth Amendment in connection with that representation, causing Plaintiff to lose his ability to file a viable post-conviction motion for relief from judgment pursuant to Michigan Court

Rule 6.500.  Plaintiff indicates in the Complaint that jurisdiction is premised on 28 U.S.C. §§ 1331 and 1332.

District courts are required by statute to dismiss any action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007).  This Court is granting Plaintiff's application to proceed in forma pauperis.  However, because diversity jurisdiction is lacking and Plaintiff does not allege a viable claim under federal law, this Court lacks subject matter jurisdiction.  Therefore, the Court is summarily dismissing the Complaint pursuant to § 1915(e)(2).

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve."  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  As a general rule, federal courts have jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331 ("federal question" jurisdiction), or where the matter in controversy exceeds the sum or value of $75,000 and is between

2

citizens of different states, 18 U.S.C. § 1332 ("diversity jurisdiction"). Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1).

Diversity jurisdiction is lacking because Plaintiff and Defendant are Michigan citizens. (*See* Compl. at 1, ECF No. 1 at Pg ID 1.) Federal question jurisdiction is lacking because Plaintiff does not allege a viable claim arising under the Constitution, law, or statutes of the United States. Plaintiff asserts violations of his rights under the United States Constitution but—with limited exceptions not applicable here—such claims must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights).

To state a § 1983 claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; *and* (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act

citizens of different states, 18 U.S.C. § 1332 ("diversity jurisdiction"). Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1).

Diversity jurisdiction is lacking because Plaintiff and Defendant are Michigan citizens. (*See* Compl. at 1, ECF No. 1 at Pg ID 1.) Federal question jurisdiction is lacking because Plaintiff does not allege a viable claim arising under the Constitution, law, or statutes of the United States. Plaintiff asserts violations of his rights under the United States Constitution but—with limited exceptions not applicable here—such claims must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights).

To state a § 1983 claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; *and* (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act

"under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). To the extent Plaintiff has a claim against Defendant—although the Court is not suggesting or stating that he does—the claim arises under state, not federal, law. Therefore, the claim does not confer federal subject matter jurisdiction on this Court.

In short, this Court lacks federal subject matter jurisdiction over Plaintiff's Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 12, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2022, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan
                                              Case Manager